...

**Place of hearing:** FCI Ray Brook, New York     **Docket number:** 8:20-MJ-444 (GLF)

**Date:** September 3, 2020     **Prisoner Register No:** 14199-025     **DOJ#:** 236539-03-4-4335-F

## VERIFICATION OF CONSENT TO TRANSFER TO CANADA
## FOR EXECUTION OF PENAL SENTENCE OF THE UNITED STATES OF AMERICA

I, **Vassilios Klouvatos a/k/a Billy Klouvatos**, having been duly sworn by a verifying officer appointed under the laws of the United States of America, certify that I understand and agree, in consenting to transfer to Canada for the execution of the penal sentence imposed on me by a court of the United States, or a state thereof, that:

1. My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America;

2. My sentence will be carried out according to the laws of Canada;

3. If a court of Canada should determine upon a proceeding brought by me or on my behalf that my transfer was not accomplished in accordance with the treaty or laws of Canada, I may be returned to the United States of America for the purpose of completing my sentence if the United States of America requests my return; and,

4. Once my consent to transfer is verified by the verifying officer, I may not revoke that consent.

I have been advised of my right to consult with counsel and have been afforded the opportunity for such consultation prior to giving my consent to transfer. I have been advised that if I am financially unable to obtain counsel, one would be appointed for me under the laws of the United States of America free of charge. My consent to transfer is wholly voluntary and not the result of any promises, threats, coercion, or other improper inducements. I hereby consent to my transfer to Canada for the execution of the penal sentence imposed on me by a court of the United States of America, or a state thereof.

_____
Signature of transferring prisoner

Subscribed before me this 3rd day of September 2020. Based on the proceedings conducted before me, I find that the above consent was knowingly and understandingly given and is wholly voluntary and not the result of any promises, threats, coercion or other improper inducements.

_____
Verifying Officer

Gary L. Favro, U.S. Magistrate Judge, N.D.N.Y
Print name and office

OEO/IPTU 20-Canada-English
Revised 5/02



Correctional Service  Service correctionnel
Canada               Canada

Ottawa, Canada
K1A 0P9

| | |
|---|---|
| Your file | Votre référence |
| Our file | Notre référence |

**MAR 1 1 2020**

Paula A. Wolff, Associate Director
International Prisoner Transfer Unit
Office of International Affairs
Criminal Division
United States Department of Justice
1301 New York Avenue NW, 10th Floor
Washington, DC
USA   20530

Dear Ms. Wolff:

### Re: KLOUVATOS, Vassilios, Reg. No. 14199-025
### Moshannon Valley Correctional Institution, Philipsburg, Pennsylvania
### Request for Transfer to Canada

The Minister of Public Safety and Emergency Preparedness, the Honourable Bill Blair, has approved the transfer from the United States of Mr. Klouvatos, incarcerated at the Moshannon Valley Correctional Institution in Philipsburg, Pennsylvania, pursuant to the *Convention on the Transfer of Sentenced Persons*.

Thank you for your cooperation in this matter.

Yours truly,

Joseph Daou
Senior Manager, Transfers Unit
Population Management & Transfers Division
Security Branch
Tel.: 613-947-9708
Fax: 613-952-7676

c.c.:   Mr. Anthony Alexander
        The Consulate General of Canada
        New York, New York



**U.S. Department of Justice**

Criminal Division
International Prisoner Transfer Unit

---

Office of International Affairs                                  Washington, D.C. 20530

DEC 05 2019

Dan Kunic, Director
Population Management and Transfers Division
Security Branch
Correctional Service of Canada
340 Laurier Avenue West
Ottawa, Ontario K1A 0P9
Canada

    Re:    Vassilios Klouvatos, Reg. No. 14199-025
            Approval of Request to Transfer to Canada
            Under the COE Convention on the Transfer of Sentenced Persons

Dear Mr. Kunic:

    This is to notify you that on October 31, 2019, the United States approved the request for transfer to Canada of the above-named Canadian national, who is currently incarcerated at the Moshannon Valley Correctional Institution, Philipsburg, Pennsylvania. The application was forwarded to you on August 13, 2019. Enclosed please find a case summary addendum.

                                    Sincerely,

                                    Paula A. Wolff, Associate Director
                                    International Prisoner Transfer Unit

Enclosure

cc (without enclosure):

Hélène Bouchard, Embassy of Canada, Washington, D.C.
Jamey Koehn, Federal Bureau of Prisons, Washington, D.C.
Vassilios Klouvatos

Record TG 11/26/19   KCH 11/26/19   PAW 11/27/19



U.S. Department of Justice

Criminal Division
International Prisoner Transfer Unit

*Office of International Affairs*     *Washington, D.C. 20530*

## CERTIFIED CASE SUMMARY ADDENDUM

Name:
**Vassilios Klouvatos**
Date: October 31, 2019

Register no.: **14199-025**

DOJ#: **CRM-236539-03-4-4335-F**

### PERSONAL DATA

**(No corrections)**

### SENTENCE DATA SUMMARY

**10. STATUTORY GOOD TIME/GOOD CONDUCT TIME EARNED:** 54 days

**12. PROJECTED RELEASE DATE:** Please note that the "Projected Release Date" is only relevant **if the prisoner remains in the United States.** It reflects the date that the prisoner might be released if he remains in the United States and he earns all possible good conduct time credit. Federal prisoners may earn up to 54 days of good conduct time each year. If a prisoner has had good conduct, the 54 days will be credited as "earned" only after the anniversary date of the time in custody has passed. If the prisoner transfers, he stops earning good conduct time credit and the calculation of the sentence will be according to the laws of the country administering the sentence and, in all likelihood, the actual release date will be different from the projected release date.

### SOCIAL DATA

**(No corrections)**

BP-A0964
AUG 11
U.S. DEPARTMENT OF JUSTICE                         U.S. Case Summary CDFRM                         FEDERAL BUREAU OF PRISONS

**PERSONAL DATA**

| 1.  | **Committed Name:** Klouvatos, Vassilios |
|---|---|
| 2.  | **Birth Name:** Klouvatos, Vassilios |
| 3.  | **Federal Register Number:** 14199-025 |
| 4.  | **Current Place of Imprisonment:** Moshannon Valley Correctional Center, Philipsburg, PA |
| 5.  | **Security Level:** Low/In |
| 6.  | **Height:** 5' 10"   **Weight:** 185 LBS. |
| 7.  | **Date of Birth:** August 8, 1984 |
| 8.  | **Place of Birth:** Montreal, Quebec, Canada |
| 9.  | **Nationality:** Canadian |
| 10. | **Citizenship:** Canada |
| 11. | **Marital Status/Children** Inmate Klouvatos has been in a common-law marriage with Louise Stepas since 2014. Their marriage produced a daughter Xenia, age 4. |
| 12. | **Emergency Contact Person, relationship and location:** Louise Stepas, Wife, 3909 Nicole Laval, Quebec, CA, H7P1L4 Ph. No: 514-243-9673 |

**SENTENCE DATA SUMMARY**

| 1. **Sentence:** 44 Months No Supervised Release |
|---|
| 2. **Date Sentence Imposed:** March 26, 2019 |
| 3. **Sentencing District:** Southern District of Illinois |
| 4. **Criminal Docket Number** 14-CR-30136-MJR-2 |
| 5. **Current Offense:** Conspiracy to Commit Mail and Wire Fraud, Wire Fraud, Mail Fraud |
| 6. **Description of Current Offense:** This case was investigated by the United States Postal Inspection Service following complaints from elderly consumers who had conducted business with a company named "Clinacall." <br><br> The investigation revealed that telemarketers would contact elderly individuals residing in the United States by using call lists provided by the owners of Clinacall. The telemarketers were operating from a call center owned and managed by the defendant and his coconspirators, which was located in Canada. When the victims answered, the telemarketers followed scripts approved by the defendant that advised they were calling from Clinacall to enroll or to renew the enrollment of the victims in a prescription drug discount program. During these calls, the telemarketers often falsely stated or implied that they were affiliated with programs operated by the United States Government, such as Medicare. <br><br> Oftentimes, the telemarketers falsely told the victims that information about their new discount medical cards had been mailed to the victims a couple of weeks prior and asked if they had received them. When the victims denied receiving the cards, the telemarketers indicated that they needed the requested information "right now" as the victims were not registered for their new health cards. The telemarketers falsely told the victims that they would receive discounts of up to 75% off the prices they were currently paying for prescription medication. <br><br> The telemarketers then quoted the victims a "one-time" fee, typically $299, for this program, which was a "discounted" fee from the amount they paid previously. In fact, the victims had never had interactions with Clinacall or any other business affiliated with the telemarketers. The victims were instructed to retrieve their checkbooks and provide their account and banking routing numbers to make sure they were still eligible to receive their new health cards. The telemarketers told the victims that they needed to record a verification for their "protection." What was actually needed was a verification statement for the banking system before Clinacall was able to withdraw money from individuals' accounts. The telemarketers coached the victims on how to respond to the questions, which asked them to acknowledge things that contradicted what the telemarketer had previously told the victims. If the victims did not answer the questions in a way that would allow Clinacall to remove money from their account, the victims were again coached, and they would have to redo the recording. <br><br> Once the telemarketers had the information, a demand draft was created, also known as a remotely created check. On the signature line of the checks, the following words were printed: "This check |

authorized by your depositor – No Signature Required."

The demand drafts were deposited into accounts in the name of CAL Consulting, LLC, doing business as "Clinacall," located at banks within the United States. The majority of the money was wire transferred to intermediate accounts in the United States. From the intermediate accounts, the fraud proceeds were wire transferred to Canadian bank accounts that were controlled by the owners of AFD and Clinacall.

After their accounts were debited, the victims typically received a package through the United States mail from Clinacall. The packages included a prescription drug discount card, such as "YourRxCard" or "RxRelief," as well as a list of participating pharmacies that purportedly accepted the cards.

The investigation revealed that several mailings of prescription drug discount cards took place, with at least six taking place in the Southern District of Illinois. Three of the six victims were located by agents and interviewed. They were able to confirm some information about the fraud investigation. One of the victims noted was an elderly couple, both of whom were 88 years of age.

The case agents have identified over 5,000 individuals who were victims of the offense during the time period that the defendant was involved in the telemarketing business, with losses totaling $1,957,152.90. The investigation determined that the defendant's business victimized over 5,000 consumers out of $1,957,152.90.

Fawaz Sebai and Vassilios Klouvatos owned and operated Clinacall. They employed more than five participants and conducted the scheme from outside of the United States. The defendants were aware that the telemarketers who worked for their business deceived the victims for the purpose of making sales. They can both be described as leaders or organizers of this conspiracy.

The defendant has clearly demonstrated acceptance of responsibility for the offense. The co-defendants in this case are Fawaz Sebai, Lefkothea Klouvatos, and related cases Stephane Scebba.

| | |
|---|---|
| **7. Fine/Assessment/Restitution:** Inmate Klouvatos was ordered to pay a felony assessment fee in the amount of $800.00 dollars to the court and he completed his financial responsibility in full on July 15, 2019. | |
| **8. Prior Record:** Inmate Klouvatos has no prior record. | |
| **9. Detainers or Pending Charges:** Inmate Klouvatos has no detainers or pending charges. It is expected Immigration and Customs Enforcement will lodge a detainer for possible deportation at a future date. | |
| **10. Statutory Good Time/Good Conduct Time Earned:** 0 days. | |
| **11. Meritorious Good Time Earned:** 0 days. | |
| **12. Projected Release Date:** September 13, 2021 | |
| **13. Full Term Date:** March 30, 2022 | |
| **14. Credited with** 240 **Days of Total Prior Credit Time.** | |

**Social Data**

| |
|---|
| **1. Psychological Evaluation:** Inmate Klouvatos has no history of mental health problems. |
| **2. Level of Education Achieved:** Inmate Klouvatos reported he graduated from Western Laval High School in Laval, Quebec, in 2001. He attended Cegep, a Canadian form of education providing pre-university studies and technical studies. Inmate Klouvatos completed his real estate license in 2004. He intends to pursue a building engineer degree. |
| **3. Employment Prior to Incarceration:** Mr. Klouvatos has owned and operated a used car business, Auto Continental, since 2013 or 2014. Prior to owning his own business, he was involved in the instant offense from approximately 2012 to 2013. Prior to this, he worked at minimum wage jobs and worked in his family's pet supply store for 10 years. |
| **4. History of Substance Abuse: alcohol or drugs?**     No: (X)     Yes: ( )     If yes, specify substance (s): Inmate Klouvatos has no history of substance abuse. |
| **5. Medical Condition:** Inmate Klouvatos is assigned regular duty with medical restrictions of a lower bunk required and no sports/ no weight lifting due to a right knee fracture with a deformity. |

**6. Institution Work Experience:**
Inmate Klouvatos is currently a Food Service Worker.

**7. Type and Number of Incident Reports Received:**
Inmate Klouvatos has maintained clear conduct since arriving at the Moshannon Valley Correctional Center on April 26, 2019.

**8. Program Participation:**
Inmate Klouvatos is not enrolled in any classes at the Moshannon Valley Correctional Center.

Prepared By:

J. Moschella/ _____    7/17/19
Case Manager/Phone Number (814)768-1215          Date

Reviewed By:

D. Jones/ _____        7/17/19
Unit Manager/Phone Number (814)768-1254          Date

AO 245B (SDIL Rev. 04/16) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Southern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **JUDGMENT IN A CRIMINAL CASE** |
| ) | |
| v. ) | Case Number: **14-CR-30136-MJR-2** |
| ) | USM Number: **141990-025** |
| **VASSILIOS KLOUVATOS** ) | |
| ) | **CHET KELLY** |
| ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) <u>1-8 of the Indictment</u>

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Mail and Wire Fraud | 7/25/13 | 1 |
| 18 U.S.C. § 2326 (SCAMS ACT) | | | |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

☒ No fine

☐ Forfeiture pursuant to Order of the Court. See page _____ for specific property details.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Restitution and/or fees may be paid to:
Clerk, U.S. District Court*
750 Missouri Ave.
East St. Louis, IL 62201

*Checks payable to: Clerk, U.S. District Court

March 26, 2019
Date of Imposition of Judgment

_/s/ Michael J. Reagan_
Signature of Judge

Michael J. Reagan, Chief Judge, U.S. District Court
Name and Title of Judge

Date Signed: **3-28-2019**

AO 245B (SDIL Rev. 04/16) Judgment in a Criminal Case

Judgment Page 2 of 5

DEFENDANT: VASSILIOS KLOUVATOS
CASE NUMBER: 14-CR-30136-MJR-2

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343<br>18 U.S.C. § 2326<br>(SCAMS ACT) | Wire Fraud | 2/19/13 | 2,5,6,8 |
| 18 U.S.C. § 1341<br>18 U.S.C. § 2326<br>(SCAMS ACT) | Mail Fraud | 11/20/12 | 3,4,7 |

Case 8:20-mj-00444-GLF   Document 1   Filed 09/03/20   Page 10 of 16
Case 3:14-cr-30136-      Document 98   Filed 03/28/19   Page 3 of 5   Page ID #396

AO 245B (SDIL Rev. 04/16) Judgment in a Criminal Case

Judgment Page 3 of 5

DEFENDANT: VASSILIOS KLOUVATOS
CASE NUMBER: 14-CR-30136-MJR-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**44 months. This term consists of 44 months as to each of Counts 1-8, to be served concurrently. No term of supervised release imposed.**

- ☒ The court makes the following recommendations to the Bureau of Prisons:
  **Defendant's counsel has calculated, and the Court has received a completed BP-AO337. The Court's conclusion is that the defendant may qualify for low security. As such, the Court recommends Defendant be placed at FCI Danbury.**

- ☒ The defendant is remanded to the custody of the United States Marshal.
- ☐ The defendant shall surrender to the United States Marshal for this district:
  - ☐ at _____ ☐ a.m. ☐ p.m. on
  - ☐ as notified by the United States Marshal.

- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - ☐ before 2 p.m. on
  - ☐ as notified by the United States Marshal.
  - ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SDIL Rev. 04/16) Judgment in a Criminal Case

Judgment Page 5 of 5

DEFENDANT: VASSILIOS KLOUVATOS
CASE NUMBER: 14-CR-30136-MJR-2

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A. ☐ Lump sum payment of $_____ due immediately, balance due
   ☐ not later than _____, or
   ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B. ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below; or

C. ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D. ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F. ☒ Special instructions regarding the payment of criminal monetary penalties:
   Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $50 or ten percent of her net monthly income, whichever is greater. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C (SDIL Rev. 04/16) Amended Judgment in a Criminal Case        (NOTE: Identify Changes with Asterisks(*))

# UNITED STATES DISTRICT COURT
## Southern District of Illinois

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: **14-CR-30136-NJR-2** |
| **VASSILIOS KLOUVATOS** | USM Number: **14199-025** |
| | **CHET KELLY** |
| | Defendant's Attorney |

**Date of Original Judgment:** March 28, 2019
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P.35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P.35(a))
- ☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.36)
- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant    ☐ 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☒ pleaded guilty to count(s) 1-8 of the Indictment
- ☐ pleaded nolo contendere to count(s) which was accepted by the court.
- ☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349<br>18 U.S.C. § 2326 | Conspiracy to Commit Mail and Wire Fraud | 7/25/13 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s)
- ☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.
- ☒ No fine
- ☐ Forfeiture pursuant to Order of the Court. See page     for specific property details.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Restitution and/or fees may be paid to:
Clerk, U.S. District Court*
750 Missouri Ave.
East St. Louis, IL 62201

*Checks payable to: Clerk, U.S. District Court

March 26, 2019
Date of Imposition of Judgment (by Judge Michael J. Reagan)

*/s/ Nancy J. Rosenstengel*

Signature of Judge
Nancy J. Rosenstengel, Chief Judge, U.S. District Court
Name and Title of Judge

Date Signed: April 15, 2019

AO 245C (SDIL Rev. 04/16) Amended Judgment in a Criminal Case

Judgment Page 2 of 5

DEFENDANT: VASSILIOS KLOUVATOS
CASE NUMBER: 14-CR-30136-NJR-2

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343<br>18 U.S.C. § 2326<br>(SCAMS ACT) | Wire Fraud | 2/19/13 | 2,5,6,8 |
| 18 U.S.C. § 1341<br>18 U.S.C. § 2326<br>(SCAMS ACT) | Mail Fraud | 11/20/12 | 3,4,7 |

AO 245C (SDIL Rev. 04/16) Amended Judgment in a Criminal Case

Judgment Page 3 of 5

DEFENDANT: VASSILIOS KLOUVATOS
CASE NUMBER: 14-CR-30136-NJR-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**44 months. This term consists of 44 months as to each of Counts 1-8, to be served concurrently. No term of supervised release imposed.**

☒ The court makes the following recommendations to the Bureau of Prisons:
**Defendant's counsel has calculated, and the Court has received a completed BP-AO337. The Court's conclusion is that the defendant may qualify for low security. As such, the Court recommends Defendant be placed at FCI Danbury.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (SDIL Rev. 04/16) Amended Judgment in a Criminal Case

Judgment Page 4 of 5

DEFENDANT: VASSILIOS KLOUVATOS
CASE NUMBER: 14-CR-30136-NJR-2

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $800 | $ | $0 | $ |

☐ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $_____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for ☐ fine  ☐ restitution.
  ☐ the interest requirement for ☐ fine  ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (SDIL Rev. 04/16) Amended Judgment in a Criminal Case

Judgment Page 5 of 5

DEFENDANT: VASSILIOS KLOUVATOS
CASE NUMBER: 14-CR-30136-NJR-2

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A. ☐ Lump sum payment of $_____ due immediately, balance due
    ☐ not later than _____, or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B. ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below; or

C. ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D. ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F. ☒ Special instructions regarding the payment of criminal monetary penalties:
**Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $50 or ten percent of her net monthly income, whichever is greater. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.